PORTER v. AMERICAN BRIDGE CO.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE APPLIANCES.

A defect in a bolt fastening together clamps used in connection with a carrying crane is a defect in the appliance within the rule that an employer must see that appliances are reasonably safe, and he cannot escape liability for injuries to an employé on the ground that there were bolts on hand and might have been had, and that the fault lay with the employés in not making use of them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 199, 200.]

Appeal from Trial Term.

Action by John Porter against the American Bridge Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The following is the memorandum of the trial court referred to in the opinion:

The defendant says that plaintiff's verdict conflicts with the Cregan v. Marston Principle, 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854. If the clamp gave way because of improper adjustment, or because fastened with a defective bolt, and the bolts were constantly wearing out by use and being replaced by the servant from a furnished supply, or because of a defect arising from use which the plaintiff himself was supposed to notice and repair, or if the accident were caused by defective selected material in the putting together of a temporary appliance or lift, the master having furnished proper material and fastenings, then the verdict could not stand. But this is not all there is of this case, nor all the evidence bearing on this accident. The derrick or lift was a permanent structure or machine of the shop of which the clamp was a part. The bolt was not continuously replaced from a convenient supply because constantly wearing with use (at least the evidence does not satisfactorily show this). The defendant did not offer to show how long the defective bolt had been in the machine, or that any inspection ever existed, or that the bolt had ever been replaced by the men. This case comes within the distinction made by J. Adams in Yaw v. Whitmore, 46 App. Div. 424, 425, 61 N. Y. Supp. 731.

Motion for a new trial denied.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John C. Robinson, for appellant.
Magner & Carew, for respondent.

WOODWARD, J. The plaintiff was injured by reason of a defective clamp used in connection with a carrying crane in use by the defendant. There appears to be no question that the accident was due to the fact that a bolt used in fastening the clamps together was defective, and the defendant's appeal is based principally upon the proposition that, as the master had plenty of bolts on hand which might have been had, the fault lay with the employés in not making use of these bolts. But the fact is that the defect was in the machine or appliance used. It was not customary to change these bolts. They were used only as a part of the appliance, and it was the duty of the master to see that the appliance was reasonably safe. The distinction in the cases is pointed out in a memorandum by the learned trial court, and the judgment should be affirmed, without further discussion.

Judgment and order unanimously affirmed, with costs. All concur.